JAN 27 2011

CLERK, U.S. DISTRICT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                         Criminal No. 3:07cr298

KELVIN DEWITT GOODE

### MEMORANDUM OPINION

Kelvin Dewitt Goode, a former federal prisoner[1] proceeding <u>pro se</u>, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The Government responded and Goode replied. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

Goode pleaded guilty to one count of driving as an habitual offender, fourth offense. On February 7, 2008, the Court sentenced Goode to a 36-month term of imprisonment for the offense. Goode appealed to the United States Court of Appeals for the Fourth Circuit.

On appeal, Goode raised two issues. First, Goode contended that his sentence was unreasonable because of the disparity between his sentence and the applicable sentencing range under the Virginia sentencing guidelines. <u>United States v. Goode</u>, 309 F. App'x 693, 694 (4th Cir. 2009). Second, Goode contended that his sentence was

---

[1] Goode is now residing in a probationary halfway house in Norfolk, Virginia. (Docket No. 49.)

greater than necessary to fulfill the purposes of sentencing. <u>Id.</u>
The Fourth Circuit affirmed Goode's sentence. <u>Id.</u>

Goode now collaterally attacks his sentence on the following eight grounds:

Claim 1    The United States failed to disclose favorable
           evidence to Goode, namely the status of his
           habitual offender status. (2255 Mot. 5.)

Claim 2    The Court lacked jurisdiction to sentence
           Goode for driving as an habitual offender
           because Virginia abolished the habitual
           offender status in 1995. (2255 Mot. 5.)

Claim 3    The Court lacked subject matter jurisdiction
           to sentence Goode because the traffic stop
           occurred outside the jurisdiction of Fort Lee.
           (2255 Mot. Attach. 1, 4-8.)

Claim 4    Goode was not provided an opportunity to
           dismiss the indictment because he was
           arraigned while misdemeanor charges were
           pending. (2255 Mot. Attach. 1.)

Claim 5    The Grand Jury was not (a) "lawfully drawn,
           summoned, or selected," or (b) informed that
           Goode's habitual offender status had expired.
           (2255 Mot. Attach. 1.)

Claim 6    Goode's counsel provided ineffective
           assistance because his attorney
           (a) misrepresented the likely sentence Goode
           would receive, (b) did not argue that Goode's
           habitual offender status had expired, (c) did
           not argue that Goode was not on federal
           property at the time of the traffic stop, and
           (d) did not answer Goode's correspondence
           requests. (2255 Mot. Attach. 2.)

Claim 7    The Assistant United States Attorney
           maliciously prosecuted Goode. (2255 Mot.
           Attach. 2.)

Claim 8    The sentence imposed was unreasonable because
           the Court (a) failed to address or improperly

2

analyzed 18 U.S.C. § 3553 factors and (b) was obligated to use the Virginia sentencing guidelines. (2255 Mot. Attach. 3-4.)

## II. ANALYSIS

### A. PROCEDURALLY BARRED CLAIMS

Claims 8(a) and 8(b) are barred from review in these § 2255 proceedings because they were rejected on Goode's direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding that questions raised on direct appeal may not be recast under the guise of collateral attack); United States v. Goode, 309 F. App'x 693, 694-95 (4th Cir. 2009). Goode fails to direct the Court to an intervening change in the law that would warrant reconsideration of Claims 8(a) and 8(b). See United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009), cert. denied, 130 S. Ct. 736 (2009). Accordingly, Claims 8(a) and 8(b) will be DISMISSED.

Claims 1, 2, 4, 5, and 7 are procedurally defaulted because Goode did not raise them on direct appeal. See id. ("[A] petitioner . . . is precluded from raising [on collateral review] claims that are the sort that could have been raised on appeal." (quoting Brian R. Means, Federal Habeas Practitioner Guide, ¶ 1.23.0 (2006/2007))).

A petitioner, however, can obtain review of a defaulted claim if the petitioner demonstrates either cause and prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622-23 (1998).

Goode has done neither. Accordingly, Claims 1, 2, 4, 5, and 7 will be DISMISSED.

## B. IMPROPER ASSERTION OF JURISDICTION

Although Claim 3 is also defaulted, it is appropriate to address the substance of that claim because Goode argues that the Court did not have subject matter jurisdiction to sentence him, and thus his sentence violates the Constitution and laws of the United States. The heart of Goode's argument is that because Fort Lee military police initiated the traffic stop off of Fort Lee's property, the military lacked jurisdiction to pull him over, and thus this Court lacks jurisdiction.[2]

Goode is incorrect. "The district courts have jurisdiction over offenses committed on military bases." United States v. King, Nos. 95-5127, 95-5126, 1998 WL 13539, at *1 (4th Cir. Jan. 15, 1998) (citing 18 U.S.C. §§ 7(3), 3231 (1994); United States v. McDonald, 531 F.2d 196, 198 n.1 (4th Cir. 1976)). Fort Lee military police have concurrent jurisdiction over part of State Route 36 with state and local authorities.[3] United States v.

---

[2] Goode alleges, and the Government does not dispute, that Goode was traveling southwest from Hopewell, Virginia to Petersburg, Virginia on Virginia Route 36. (2255 Mot. Attach. 5.) He passed the Fort Lee front gates and was pulled over by Fort Lee military police "[w]hen [he] reached Petersburg[']s city limits." (2255 Mot. Attach. 5.)

[3] Goode suggests that the Fort Lee police have no jurisdiction on Virginia Route 36 at all. (Reply 4 ("I was on a highway that bypass[es] the military installation while connecting two cities.").)

4

Christie, No. 3:09mj433, 2009 WL 4499124, at *1 & n.4 (E.D. Va. Dec. 3, 2009) (finding that Route 36 is adjacent to Fort Lee and dismissing a similar jurisdictional argument); United States v. Bacas, 662 F. Supp. 2d 481, 482 (E.D. Va. 2009) (stating that Route 36 East at Jackson Circle is "on Fort Lee, Virginia, a place within the special territorial jurisdiction of the United States").

Moreover, Goode admitted to being on Fort Lee at the time of the offense:

The Court:    That's what happened, Mr. Goode?  That is, that you entered upon Fort Lee at the time after having been declared an habitual offender and indeed having been convicted some three times previously for that offense.

Goode:        Um, yes your Honor.

(Plea Hearing Oct. 30, 2007 11:17:10-11:17:24.)[4]  Based on this information, the Court asserted jurisdiction to sentence Goode pursuant to the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13.[5]

Even if the arrest occurred outside the territorial jurisdiction of the military police,[6] such defect reflects on the

---

[4] All citations to the plea hearing refer to the Court's digital audio file of that proceeding.

[5] The ACA "makes punishable acts which are offenses under state law but not under federal law if the offense occurs on lands reserved to the United States." United States v. O'Byrne, 423 F. Supp. 588, 590 (E.D. Va. 1973).

[6] Goode suggests that he was stopped more than a mile off of the military base on that part of Route 36 which is outside of the concurrent jurisdiction of Fort Lee.  (2255 Mot. Att. 7.)  The United States fails to state exactly where Goode eventually stopped his car, instead emphasizing the undisputed fact that Goode drove his car on Route 36 within this Court's concurrent jurisdiction.

lawfulness of the arrest, but it does not deprive the Court of subject matter jurisdiction. See United States v. Atwell, 470 F. Supp. 2d 554, 570 (D. Md. 2007) (analyzing the Fourth Amendment implications of a military police officer's exercise of arrest authority outside of the military's territorial jurisdiction); 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice & Procedure § 53 (4th ed. 2010) ("In most instances, the government's power to try an offender is not impaired by the fact that he is brought before the Court illegally."). The District Court had subject matter jurisdiction to sentence Goode. Accordingly, Claim 3 will be DISMISSED.

## C. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

The entirety of Goode's ineffective assistance of counsel claim (Claim 6) is set forth below, verbatim:

> I informed my attorney, Mr. Charles Lewis that I was declared an habitual offender on 9-21-91 in Chesterfield County, VA. and that it is a ten (10) year status after which a person can petition the court and have their driving privileges reinstated, but the status of habitual offender is dropped after 10 years.
> Mr. Lewis also made it clear that I would most likely receive a one (1) year sentence which the judge would convert to ninety (90) days home incarceration. Therefore not having any idea that the prosecution was trying to give me the maximum five (5) years sentence for a non violent, no weapon or eluding police or drug possesion [sic] but only a driving ticket. Mr. Lewis does not answer my calls or correspondence. I requested Mr. Lewis make reasons of me not being on government property but he would not.

(2255 Mot. Att. 2 (capitalization corrected).)

6

The Court understands Goode to raise four issues. Goode claims that he received ineffective of counsel because his attorney (a) misrepresented to Goode the likely sentence Goode would receive, (b) did not argue that Goode's habitual offender status had expired, (c) did not argue that Goode was not on federal property at the time of the traffic stop, and (d) does not answer Goode's correspondence requests.

To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient and then that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). To satisfy the prejudice aspect of Strickland, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In the context of a guilty plea, the Supreme Court has modified the second facet of Strickland to require the defendant to "show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)(internal citations and quotations omitted). Accordingly, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

**Claim 6(a): Counsel Misrepresented to Goode the Likely Sentence Goode Would Receive.**

In Claim 6(a), Goode complains that his attorney misrepresented the likely sentence Goode would receive for pleading

guilty. (2255 Mot. Att. 2.) During Goode's Rule 11 colloquy with the Court, Goode acknowledged that he understood that the possible sentence he could face was between one and five years. (Plea Hearing Oct. 30, 2007 11:10:00-11:10:19.) Goode stated that he understood that the sentencing Court would make any final determination of his possible sentence. (Plea Hearing Oct. 30, 2007 11:10:55-11:11:27.) Goode satisfied the Court that he understood that any sentencing prediction his counsel made was merely a prediction and not a guarantee. (Plea Hearing Oct. 30, 2007 11:13:40-11:14:05.) Finally, the Court noted that Goode was aware of the possible punishment he was facing. (Plea Hearing Oct. 30, 2007 11:17:49-11:17:52.) Goode "was in no way prejudiced" by his attorney's alleged misrepresentations, "given the trial court's careful explanation of the potential severity of the sentence." United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). The Court finds Goode's present assertion that his counsel's misrepresentation prejudiced Goode palpably incredible. Lemaster, 403 F.3d at 221. Accordingly, Claim 6(a) will be DISMISSED.

**Claim 6(b): Counsel Did Not Argue That Goode's Habitual Offender Status Had Expired.**

In Claim 6(b), Goode alleges that his counsel provided ineffective assistance by failing to argue that Goode's habitual offender status had expired. (2255 Mot. Att. 2.) Virginia Code Annotated § 46.2-356 establishes the two obstacles an individual must overcome to no longer be declared an habitual offender: Ten

9

years must pass, and a court must restore driving privileges by court order. Va. Code Ann. § 46.2-356 (West 2010); see also Varga v. Commonwealth, 536 S.E.2d 711, 714 (Va. 2000). Goode has not alleged that he received a court order prior to the traffic stop absolving him of habitual offender status. Goode cannot collaterally attack his sentence because his attorney did not make an argument which was unsupported by evidence. Attorneys are not required to raise frivolous issues on behalf of their clients. Accordingly, Claim 6(b) will be DISMISSED.

### Claim 6(c): Counsel Did Not Argue That Goode Was Not on Federal Property at the Time of the Traffic Stop.

In Claim 6(c), Goode alleges that he received ineffective assistance of counsel because his attorney did not argue that Goode was not on federal property at the time of the traffic stop. The Court finds that Goode's counsel was not constitutionally ineffective for failing to raise this issue because Goode himself stated he was at Fort Lee. (Plea Hearing Oct. 30, 2007 11:17:10-11:17:24.) Goode also admits that his attorney "never knew that the stop was outside of Fort Lee jurisdiction because of how the indictment depicted the stop as happening on Fort Lee base." (Reply 6.) Counsel is not deficient for failing to raise fact-specific issues which contradict a defendant's own statements. See, e.g., Johnson v. Kemp, 759 F.2d 1503, 1506-07 (11th Cir. 1985). This seems especially true here, where Goode raises factual concerns about which he had full knowledge, and that he could have

shared with counsel, well before he chose to plead guilty. Moreover, Goode fails to explain how he was prejudiced by counsel's failure to raise the issue. Accordingly, Claim 6(c) will be DISMISSED.

**Claim 6(d): Counsel Did Not Answer Goode's Correspondence Requests.**

In Claim 6(d), Goode claims he received ineffective assistance of counsel because his attorney "does not answer [his] calls or correspondence." (2255 Mot. Att. 2.) Goode does not offer any factual support for this claim, and does not explain further the circumstances surrounding his complaint. Thus, Goode fails to demonstrate any reasonable probability of a different result had counsel been more diligent in answering Goode's correspondence. Accordingly, Claim 6(d) will be DISMISSED. The Court will DENY Goode's 28 U.S.C. § 2255 motion (Docket No. 38). Goode's motions for the appointment of counsel (Docket Nos. 45, 46) will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

11

'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Goode has not satisfied this standard. Accordingly, the Court denies a certificate of appealability.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Goode and counsel for the United States.

An appropriate Order shall issue.

                                    /s/         $R \mathcal{E} \mathcal{V}$

                         Robert E. Payne
                         Senior United States District Judge

Date: January 27, 2011
Richmond, Virginia

12