

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Case No. 3:07CR298

KELVIN DEWITT GOODE,

    Defendant.

### MEMORANDUM OPINION

This matter is before the Court on the Defendant's pro se MOTION TO DISMISS CHARGES AND RELEASE (Docket No. 90), filed on December 7, 2012. The United States has responded, and this matter is ripe.

### Procedural Background

The Defendant began serving a three-year term of supervised release on September 24, 2010. On April 10, 2012, a Petition and Order on Supervised Release was filed (Docket No. 53) alleging that the Defendant had violating several conditions of supervised release as follows: Mandatory Condition: Commission of a Crime - Driving under Suspension; Mandatory Condition: Commission of a Crime - Indecent Liberties with a Minor and Proposing Sex by Computer with a Person under the age of 15 years old, charged in state court in Chesterfield County, Virginia; Condition No. 3: Failure to Follow the Probation Officer's Instructions; and Condition No. 7: Use of Cocaine. The Defendant was arrested on June 14, 2012 and, after an

1

initial appearance before United States Magistrate Judge Novak, was remanded to the custody of the United States Marshals Service. (Docket No. 57.) The Office of the Federal Public Defender was appointed to represent the Defendant, and a detention and preliminary hearing was scheduled for June 19, 2012.

On June 19, the Defendant waived his right to a preliminary hearing and was ordered detained pending further proceedings in his case. (Docket No. 59.) Because the parties thought that the Defendant's Chesterfield County charges would be resolved within a short period of time, a violation hearing before the district court was not scheduled at that time but, instead, counsel were directed to contact the chambers of the undersigned by July 26, 2012 to schedule the violation hearing. (Docket No. 58.) The Defendant appealed the detention order to the district court, and, after briefing and a hearing on July 10, 2012, the Court denied the Defendant's appeal. (Docket Nos. 62, 64 & 68.)

During the July 10 hearing, the Court questioned counsel about the pending Chesterfield County charges. Defense counsel stated that the Defendant told him that the matter was set for trial on July 26 but that new counsel would be appointed to represent the Defendant on those charges because of issues with his first counsel. Counsel for the United States stated that it was her understanding, based on conversations with an attorney in the Office of the Commonwealth's

2

Attorney, that the matter was not set for trial but would be presented to the state grand jury on July 16 and that a trial would be set sometime between July 16 and September 17, 2012. The Court directed counsel to ensure that the state court in Chesterfield County appointed counsel for the Defendant for the pending proceedings and, along with the Marshals Service, to ensure that state counsel had access to the Defendant. Counsel for the United States and the Marshals Service were also directed to ensure that the Defendant was made available to Chesterfield County for all pending proceedings in order that there be no delay so that the pending supervised release Petition could be addressed as soon as possible. (Order of July 11, 2012, Docket No. 68.) On July 20, 2012, after being informed that the Chesterfield County charges were scheduled to be heard on September 11, 2012, the Court scheduled the hearing on the pending Petition for September 20, 2012. (Docket No. 69.)

On July 23, 2012, the Clerk docketed a letter from the Defendant as a notice of appeal of the Court's Order of July 11, 2012 that denied the Defendant's bond appeal, and the notice of appeal was thereafter transmitted to the United States Court of Appeals for the Fourth Circuit. On August 13, 2012 and September 4, 2012, motions for reconsideration were filed with regard to the Order of July 11, 2012, but, because the matter was on appeal, on September 10, 2012, the

Court denied the motions for reconsideration for lack of jurisdiction. (Docket No. 80.)[1]

On August 2, 2012, defense counsel filed a motion to withdraw as counsel and on August 3, he filed a supplemental motion to withdraw, but on August 16, 2012, counsel moved to withdraw those motions. The Court granted the motion to withdraw the two motions on September 10, 2012. (Docket No. 79.)

On August 14, 2012, an Addendum to the Petition was filed (Docket No. 76), alleging additional criminal conduct, specifically charges of Forgery and Identity Theft, brought by the Virginia Department of Motor Vehicles. The warrants were to be served by the Petersburg, Virginia Police Department because the alleged offenses occurred at the Petersburg DMV.[2]

On September 14, 2012, defense counsel filed a motion to continue the hearing because the Chesterfield County charges, which had been scheduled to be heard on September 11, 2012, were rescheduled for a November 7, 2012 disposition due to an issue with state counsel. Defense counsel asked for a date after the November 7 date. (Docket No. 83.) The United States did not oppose the continuance (Docket

---

[1] On November 8, 2012, the Court of Appeals issued an opinion affirming the Order of July 11, 2012 and issued its mandate on November 30, 2012. (Docket Nos. 86, 87 & 89.)
[2] There was some difficulty with service of these warrants, and it appears that, as of February 7, 2013, the Defendant has not yet been served with these warrants although he has been aware of the charges for some time.

4

No. 84), and the Court granted the Defendant's motion to continue and scheduled the hearing on the Petition on Supervised Release and Addendum for November 15, 2012. (Docket No. 85.)

On November 13, 2012, a conference call was held during which defense counsel and counsel for the United States jointly moved to continue the hearing scheduled for November 15, 2012, although the United States indicated its willingness to go forward on November 15. Defense counsel represented that the Chesterfield County charges were going forward on January 30, 2013 and that it was the Defendant's preference to allow the state to address the charges first. The Court specifically asked if the Defendant wanted to delay the hearing on the Petition on Supervised Release until after the Chesterfield County charges were resolved, and defense counsel confirmed that such was the case. The hearing was continued to February 13, 2013 at 10:00 a.m.

## **Defendant's Motion**

On December 7, the Defendant filed the pro se MOTION TO DISMISS CHARGES AND RELEASE (Docket No. 90). The Defendant argues that the continuances were requested by defense counsel without his knowledge or agreement and that the resulting delay constitutes a violation of his speedy trial rights. He also cites a Virginia Code provision, § 19.2-243, which does not apply in this Court.

The United States has responded, noting first that since the Defendant is represented by counsel, the Court has discretion whether to even consider this pro se filing. "[E]very Circuit Court of Appeals to have considered the phenomenon of a pro se motion filed by a represented party has determined that a court does not have to accept or entertain these motions." United States v. White, No. 7:08CR054, 2010 WL 1462180, at *1 (W.D. Va. Apr. 12, 2010)(collecting cases from the First, Third, Fifth, Seventh, Eighth, and Tenth Circuits). Notwithstanding the Court's discretion to deny the motion on this ground, the Court has reviewed and considered the substance of the Defendant's motion.

First, the Defendant has no Sixth Amendment right to a speedy trial respecting the pending Petition and Addendum on Supervised Release because "supervised release revocation proceedings are not stages of a criminal prosecution." United States v. Soles, 336 Fed. Appx. 287, 289 (4th Cir. 2009)(collecting cases from the Second, Fifth, Eighth, and Ninth Circuits). Nor does the Speedy Trial Act apply to supervised release revocation proceedings. Id. at 290. Moreover, in this case, the continuances have been granted at the request of the Defendant, by counsel. The United States did not oppose the continuances and, after due consideration of the competing interests of judicial economy versus delay, the motions to continue were granted by the Court. During the July 10 hearing, the Court

addressed the pending Chesterfield County charges and the issue of a hearing date in the presence of the Defendant. During the November 13 conference call, defense counsel represented to the Court that the Defendant wanted the federal matter continued until after the state charges were resolved. And there is nothing to indicate that defense counsel was not acting with the Defendant's agreement.[3]

For these reasons, Defendant's pro se MOTION TO DISMISS CHARGES AND RELEASE (Docket No. 90) will be denied.

The hearing on the Petition and Addendum on Supervised Release scheduled for February 13, 2013 at 10:00 a.m. will go forward as scheduled.

It is so ORDERED.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel, the Defendant, and United States Probation Officer Antwan Harris.

Date: February 7, 2013
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

---

[3] Once the Petition and Addendum on Supervised Release are adjudicated, should the Defendant be found guilty of violating any of the conditions as alleged in the Petition and Addendum, all time served since his arrest on June 14, 2012, will be credited toward any period of incarceration that is imposed. On October 24, 2011, he was found guilty of the Driving under Suspension charge that is the basis of one of the alleged violations. See United States v. Goode, 3:11MJ494, Judgment in a Criminal Case (Docket No. 8).